UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA L. SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:20-CV-833-PPS-MGG |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Lisa Sutton appeals the Social Security Administration's decision to deny her claim for disability insurance benefits. Sutton suffers from several severe medical issues including degenerative disc disease, carpal tunnel syndrome, diabetes, and obesity. [Tr. 18.][1] An administrative law judge (ALJ) determined Sutton (52 years old at the time) was not disabled, and she had the residual functional capacity (RFC) to perform light work with some restrictions. [Tr. 21.] A vocational expert (VE) went on to find that Sutton could perform jobs including school nurse, office nurse, and prior to attaining age 55, a sales attendant, housekeeper, cleaner, and cafeteria attendant. [Tr. 28.]

Sutton sets forth 5 major arguments in support of her contention that remand is required: (1) the ALJ did not address obesity; (2) the ALJ erred in evaluating her mental impairments; (3) her complaints of pain were not properly considered; (4) the third-

---

[1] Citations to the record will be indicated as "Tr. __" and indicate the pagination found in the lower right-hand corner of the record found at DE 16.

party function report completed by her husband was not addressed; and (5) the ALJ erred in weighing the opinion evidence. Because I find the ALJ failed to properly consider Sutton's obesity in formulating her RFC, I will **REVERSE** the ALJ's decision and **REMAND** on this issue.

## Discussion

Let's start by looking at the legal framework. My role is not to determine from scratch whether Sutton is disabled. Rather, I only need to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). My review of the ALJ's decision is deferential. This is because the "substantial evidence" standard is not very demanding. In fact, the Supreme Court announced long ago that the standard is even less than a preponderance-of-the-evidence standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Of course, there has to be more than a "scintilla" of evidence. *Id.* This means that I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nonetheless, the review is a light one and the substantial evidence standard is met "if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

Sutton suffers from back and neck pain, and has some mental health issues. In particular, the ALJ found that Sutton has the severe impairments of degenerative disc disease, carpal tunnel syndrome of the left upper extremity, diabetes, and obesity. [Tr. 18.] She also has other impairments, which the ALJ determined were nonsevere, including high blood pressure, high cholesterol, and depression. [Tr. 18-20.] According to the medical records, on January 18, 2018, Sutton had major back surgery. [Tr. 681-82.] According to her surgeon, among other things, she underwent C5-C6 and C6-C7 anterior cervical discectomy for decompression of spinal cord and had a biomechanical device implanted. *Id.* At a one year surgical follow up in April 2019, Sutton reported that she still had numbness and tingling in both her lower extremities, and she continued to have neck pain and headaches. [Tr. 759.]

Sutton was a registered nurse until her license was suspended in 2017. [DE 42.] She has a several decade work history. [DE 219.] Sutton testified that when she was a dialysis nurse back in 2017, her feet felt very heavy and then numb, she was tripping and falling, and that after she had the surgery on her spine, she never really recovered, and was still having issues. [41-42, 45-46.] At the time of the hearing, she had difficulty lifting things and "if [she] stand[s] for more than like, ten, 15 minutes at a time, [her] legs just feel like they're going to give out on [her]." [Tr. 46-47.] Sutton complained of balance issues and falling. [Tr. 47, 54-55.]

The ALJ determined that Sutton had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) as the claimant is able to lift and/or carry 20 pounds

3

>occasionally and 10 pounds frequently and sit, stand and/or walk for six hours in an eight hour workday, except: the claimant is unable to climb ladders, ropes or scaffolds, may occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl or reach overhead with the bilateral overhead extremities, can frequently handle, finger or feel with the left upper extremity and must avoid all exposure to wet, slippery or uneven terrain or hazards such as unprotected heights and dangerous moving machinery.

[Tr. 21.]

In analyzing whether this RFC is proper, my focus will be on the ALJ's analysis of Sutton's obesity. The ALJ does not specifically mention Sutton's height, weight or BMI in his opinion. However, as shown in the medical records, Sutton is 5'6" or 5'7" and her weight fluctuated from 244 pounds to 254 pounds. [Tr. 85, 299, 303, 440, 530, 756.] Her BMI was in the range of 37.1-39. [Tr. 85, 303, 440, 530, 756.] Of the three levels of obesity as delineated in the rules, Sutton would be characterized as the middle, or Level II (which includes BMIs of 35.0-39.9). SSR 02-1p, 2002 WL 34686281, at *2 (Sept. 12, 2002). "These levels describe the extent of obesity, but they do not correlate with any specific degree of functional loss." *Id.*

The ALJ found Sutton's obesity did not medically equal a listed impairment, alone or in combination with other impairments. Here's what he said on the topic in its entirety:

>Pursuant to SSR 19-2p, obesity is not a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1; however, the functional limitations caused by the medically determinable impairment of obesity, alone or in combination with other impairments, may medically equal a listing (20 CFR 404.1522, 416.922). A general assumption about the severity of functional effects of obesity will not be made; my evaluation is based on the information in the

4

> claimant's case record. I find that the claimant's obesity does not medically equal a listed impairment, alone or in combination with other impairments.

[Tr. 21.]

There are several problems with the brief analysis of Sutton's obesity which require reversal. First, after the ALJ stated he would not make an assumption about the severity of the functional effects of Sutton's obesity (which statement in and of itself is not objectionable), then the ALJ simply concluded, based on the entire case record, that Sutton's "obesity does not medically equal a listed impairment, alone or in combination with other impairments." [Tr. 21.] The ALJ completely failed to explain this ultimate conclusion, and I am left to impermissibly speculate about his thought process. *See* 20 C.F.R. § 404.1545(a)(3) (an ALJ must consider all of the evidence and explain his decision so that it may be meaningfully reviewed.).

The single statement that Sutton's obesity did not meet or equal a listed impairment, either alone or in combination with other impairments, is not a reason; it is a conclusion. It fails to "create a logical bridge from the bare statement that he considered Plaintiff's obesity in combination with other limitations and what specific conclusions he came to regarding the limitations they cause." *Visinaiz v. Berryhill*, 243 F.Supp.3d 1008, 1013 (N.D. Ind. 2017) (remanding); *see also Parker v. Colvin*, No. 2:15-CV-316, JEM, 2016 WL 4435622, at *4 (N.D. Ind. Aug. 22, 2016) (ALJ's single statement that "the claimant's obesity was considered in relation to the musculoskeletal, respiratory,

5

and cardiovascular body systems listings as required by the Ruling" was not enough to create a logical bridge).

Second, and more importantly, aside from concluding Sutton's obesity did not medically equal a listed impairment — what if Sutton's obesity still contributed to limiting her ability to work?  Social Security Ruling 19-2p provides that an ALJ "must consider the limiting effects of obesity when assessing a person's RFC," and "will explain how he reached his conclusion on whether obesity causes any limitations."  SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019); *see also Hernandez v. Astrue*, 277 F. App'x 617, 623-34 (7th Cir. 2008) (an ALJ must "consider the exacerbating effects of a claimant's obesity on his underlying conditions . . . when arriving at a claimant's RFC.").  Here, the ALJ already found that Sutton's obesity was severe [Tr. 18], which means it significantly limited her ability to perform basic work activities, including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016).  If the ALJ thought Sutton's obesity did not result in any limitations whatsoever on her ability to work, then he should have explained that conclusion, and articulated specifically how he reached that conclusion. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012); *Aranda v. Berryhill*, 312 F.Supp.3d 685, 692 (N.D. Ill. 2018) (remanding the claim of an obese plaintiff, noting "[t]here's not much of a logical bridge there.").

What is most concerning about the mere conclusion that Sutton's obesity does not medically equal a listed impairment is this: the determination entirely fails to take

6

into account the very real possibility that Sutton's obesity *does* exacerbate her other medical issues. "The combined effect(s) of obesity with other impairments may be worse than those same impairments without the addition of obesity." *Stephens v. Berryhill*, 888 F.3d 323, 328 (7th Cir. 2018).  Here, the failure to explicitly consider Sutton's obesity is not harmless because there are indications in the medical record that obesity hampers Sutton's ability to work.

     For example, Sutton complains of numbness and tingling in her feet. [AR 272, 759.]  During the ALJ hearing, she testified it was difficult to stand for more than 10-15 minutes at a time.  [Tr. 46-47.]  Sutton also complained that she "ha[s] no stamina, [she] get[s] very tired" and she can only stand for short periods of time because she "feel[s] like [her] legs are going to give out on [her]." [Tr. 272, 53.]  There are other notes in the medical records that Sutton cannot walk or stand for extended periods of time, she has difficulty with tandem gait, and she stumbles. [Tr. at 688, 782, 785, 839.]  Yet, the ALJ did not explain why he did not limit Sutton's time standing, walking, or sitting due to her obesity.  Also, "[c]learly, Plaintiff's obesity would exacerbate the effects of [her] degenerative disc disease." *Kevin v. Kijakazi*, No. 2:20-cv-311, 2021 WL 5231737, at *10 (N.D. Ind. Nov. 10, 2021) (remanding where the ALJ did not provide any real analysis of Plaintiff's obesity).  Moreover, the Regulations also recognize that "[o]besity may also cause or contribute to mental impairments such as depression." SSR 02-1p, 2002 WL 34686281, at *3 (Sept. 12, 2002).

Although "this type of error may be harmless when the RFC is based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments," *Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013), there is no evidence in this case that the consultant opinions and medical reports that the ALJ relied upon considered Sutton's obesity in their assessments or in combination with her other impairments. [Tr. 74-83; 85-97, 685-90.] Although some of the reports note her BMI, weight, and height, it is not clear from the record that any of the physicians took Sutton's obesity into account, either on its own, or in combination with her other impairments. *Id.*

In this case, the ALJ failed to explain how he considered the effects of Sutton's obesity and omitted explaining how he considered the aggravating effects of Sutton's obesity on her other medical impairments like her degenerative disc disease as well as her impairment of depression. This requires reversal and remand. *See John P. v. Saul*, No. 2:19-cv-00004, 2019 WL 4072118, at *8-9 (N.D. Ind. Aug. 28, 2019) (remanding where ALJ failed to properly consider obesity in combination with other impairments); *Quintana v. Colvin*, No. 15 C 6417, 2016 WL 3752982, at *4 (N.D. Ill. July 14, 2016) ("remand is necessary to consider the cumulative effects of Plaintiff's obesity on his underlying impairments.").

* * *

Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Sutton. She can raise those issues directly with the ALJ on remand.

## Conclusion

For the reasons set forth above, the Commissioner of Social Security's final decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED**.

ENTERED: February 28, 2022.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**